

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00170-CR

**WILLIAM CHARLES WEBB,**

                                             **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                             **Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2012-678-C2**

**&**

### No. 10-20-00292-CR

## IN RE WILLIAM CHARLES WEBB

## Original Proceeding

## A B A T E M E N T  O R D E R

William Charles Webb pleaded guilty to the felony offense of injury to a child and was sentenced to twenty years' incarceration. *See generally Webb v. State*, No. 07-13-00357-CR, 2015 Tex. App. LEXIS 3918 (Tex. App.—Amarillo Apr. 17, 2015, no pet.) (mem. op., not designated for publication).[1]

In the trial court, Webb has filed numerous pro se motions, including several requests for the appointment of counsel to assist in the filing of a Chapter 64 motion for post-conviction DNA testing. However, in his notice of appeal, Webb indicated that he wishes to appeal from the trial court's May 7, 2018 denial of his Chapter 64 motion for post-conviction DNA testing.[2]

---

[1] The Texas Supreme Court transferred Webb's appeal of his conviction for injury to a child to the Seventh Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001 ("The supreme court may order cases transferred from one court of appeals to another at any time that, in the opinion of the supreme court, there is good cause for the transfer.").

[2] In appellate cause number 10-20-00292-CR, Webb has also filed a petition for writ of mandamus complaining about the trial court's failure to rule on an unidentified Chapter 64 motion for post-conviction DNA testing. In response to Webb's mandamus petition, the State noted that Webb filed Chapter 64 motions for post-conviction DNA testing on February 28, 2018, and November 8, 2019, and that the trial court entered findings of fact and conclusions of law on April 3, 2018, denying these motions. Notwithstanding the fact that the State does not direct us to an actual order in the record denying Webb's purported Chapter 64 motions for post-conviction DNA testing, the purported February 28, 2018 motion appears to have been filed on February 16, 2018, and, contrary to the State's assertion, was a request for appointment of counsel to assist in filing a Chapter 64 motion for post-conviction DNA testing. The trial court denied that request on February 27, 2018. We are unable to find the purported November 8, 2019 motion in the record of either matter—appellate cause numbers 10-18-00170-CR and 10-20-00292-CR.

The State also alleges that Webb's petition for writ of mandamus should be dismissed for failure to properly present the motion to the trial judge. However, the aforementioned assertions made by the State belie its argument. If Webb did indeed file two Chapter 64 motions for post-conviction DNA testing, and the trial court ruled on them, then the record demonstrates that Webb properly presented the motions. Accordingly, we are not inclined to dismiss Webb's petition for writ of mandamus at this time.

In its order signed on May 7, 2018, the trial court indicated that: "The Defendant has sent numerous motions requesting an appointed attorney under Chapter 64[,] and on May 2, 2018[,] this Court received a motion for DNA testing under Chapter 64 . . . ." After reciting several findings, the trial court denied Webb's request for appointment of counsel and his Chapter 64 motion for post-conviction DNA testing.

After reviewing the record, we are unable to locate Webb's Chapter 64 motion for post-conviction DNA testing that was allegedly filed on May 2, 2018. Webb has indicated to this Court that the "document cannot be obtained." In his brief in this matter, the attorney representing the State recalls that Webb filed such a motion and being asked to prepare an order denying the motion; however, the motion does not appear in the Clerk's Record. This filing is critical to the analysis of Webb's complaints in both of these matters.

We also note that, under article 64.02 of the Code of Criminal Procedure, the trial court shall "provide the attorney representing the state with a copy of the motion" and require the attorney representing the State to take one of the following actions no later than the 60th day after the date the motion is served on the State: (1) deliver the evidence to the trial court, along with a description of the evidence; or (2) explain in writing to the court why the evidence cannot be delivered. TEX. CODE CRIM. PROC. ANN. art. 64.02.

As stated earlier, the attorney representing the State admits to having personal knowledge of a Chapter 64 motion being filed and being asked to prepare an order denying the motion. However, despite the requirements of article 64.02 of the Code of

Criminal Procedure, there is nothing in this record demonstrating that the trial court specifically requested a response to Webb's Chapter 64 motion or that the State actually received a copy of the motion. *See id.*

Accordingly, we abate this appeal and remand to the trial court to inquire into the location of Webb's May 2, 2018 Chapter 64 motion for post-conviction DNA testing.[3] This action shall be completed within twenty-eight days from the date of this order. In the event that Webb's May 2, 2018 Chapter 64 motion cannot be located, the trial court should determine "what constitutes an accurate copy of the missing item and order it to be included in the clerk's record or a supplement." *See* TEX. R. APP. P. 34.5(e).

Further, as mentioned earlier, under article 64.02 of the Code of Criminal Procedure, the trial court is required to forward the motion for DNA testing to the State's attorney. *See* TEX. CODE CRIM. PROC. ANN. art. 64.02(a)(1). The State's attorney had sixty days to take certain actions, including to file a response. *See id.* art. 64.02(a)(2). A copy of the State's response to the motion should also be included in the Supplement Clerk's Record.[4] Moreover, once the record is supplemented with the original motion for DNA

---

[3] If it is the case that Webb's May 2, 2018 Chapter 64 motion was simply omitted from the Clerk's Record, then, pursuant to Texas Rule of Appellate Procedure 34.5(c), we direct "the trial court clerk to prepare, certify, and file in the appellate court a supplement containing the omitted item." *See* TEX. R. APP. P. 34.5(c).

[4] It is also worth mentioning that repeated efforts to dispose of Webb's Chapter 64 motions on procedural grounds precludes the State from utilizing the doctrine of collateral estoppel with respect to subsequent Chapter 64 motions. *See Ex parte Cathey*, 451 S.W.3d 1, 4 n.7 (Tex. Crim. App. 2014) ("Collateral estoppel applies only when an elementary issue has been fully and finally litigated."); *see also Simpson v. State*, 591 S.W.3d 571, 575 (Tex. Crim. App. 2020).

testing or an accurate copy, the State's response, and additional pleadings and evidence received, if any, the trial court shall either adopt its previous order or issue a new order in light of the State's response. The District Clerk shall file a Supplemental Clerk's Record with this Court, including all of the additional pleadings and rulings within fourteen days of the date the trial court either adopts its previous order or issues a new order in this matter.

PER CURIAM

Before Chief Justice Gray
      Justice Neill,
      and Senior Justice Scoggins[5]
Order delivered and filed February 3, 2021



---

[5] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.